Martha MAURICIO–RIOS, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–72016.

Agency No. A74–320–398.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2004.*

Decided Aug. 26, 2004.

Nicomedes E. Suriel, Law Offices of Nicomedes E. Suriel, L.L.C., Phoenix, AZ, for Petitioner.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Shelley R. Goad, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HAWKINS, THOMAS, and BEA, Circuit Judges.

MEMORANDUM **

Martha Maurico–Rios petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming a decision by an immigration judge ("IJ") denying her application for suspension of deportation. We grant the petition. Because the parties are familiar with the facts and procedural history of this case, we do not recite them here.

The government argues that a claim of ineffective assistance of counsel in removal proceedings cannot be raised where the underlying relief sought is suspension of deportation, asserting that there is no liberty interest protected by the due process clause of the Fifth Amendment in the discretionary remedy of suspension of deportation. This argument is foreclosed by Ninth Circuit precedent reaching ineffective assistance of counsel claims in precisely these circumstances. *E.g., Castillo–Perez v. INS*, 212 F.3d 518 (9th Cir.2000).

The BIA denied petitioner's motion to remand based on ineffective assistance of

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

counsel solely on the ground that she had not established prejudice, stating that she had not "establish[ed] that the outcome of this case would have been favorable ... *but for* the attorney's misconduct." (emphasis added). However, to establish prejudice, she need only show that the ineffective assistance provided by her original counsel *may* have changed the outcome. *E.g., Castillo–Perez*, 212 F.3d at 527 n. 12.

We therefore grant the petition for review and remand to the BIA to determine whether petitioner can establish prejudice under the proper standard.

PETITION GRANTED.

BEA, Circuit Judge, dissenting.

I respectfully dissent. To prevail on her claim of ineffective assistance of counsel, petitioner must prove that she would have been able to establish "extreme hardship." *See Castillo–Perez, supra.* This court has held that to establish "extreme hardship," one must prove "great actual or prospective injury" or "extreme impact" beyond the common results of deportation. *See United States v. Arce–Hernandez*, 163 F.3d 559, 564 (quoting *Shooshtary v. INS*, 39 F.3d 1049, 1051 (9th Cir.1994)). Mere proof of economic detriment upon return to an alien's native country is insufficient. *See Ramirez–Durazo v. INS*, 794 F.2d 491, 498 (9th Cir.1986).

Here, the record clearly establishes that petitioner is a relatively young woman of 39 years with employable skills and extensive family in Mexico. Even if petitioner had received the benefit of adequate counsel, she would not have been able to establish "extreme hardship" under the facts of this case. Nor can she prove extreme hardship to her 20 year old daughter. Therefore, her claim must fail because petitioner cannot prove that she suffered any actual prejudice due to ineffective representation. *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000).

I would deny the petition.